IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES G. BELSHAW and
ELIZABETH STALEY,

    Plaintiffs,

v.                                                Case No. 1:22-cv-324 KRS/LF

CRAIG A. YOST, LISA A. YOST,
MARTHANNE REINHARD, and
VILLAGE OF CORRALES,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Craig A. Yost, Lisa A. Yost, and Marthanne Reinhard's ("the Yost defendants'") Motion for Leave to File Cross-Claim Complaint for Indemnification (Doc. 25), filed July 5, 2022. The Yost defendants seek leave, pursuant to Federal Rule of Civil Procedure 13(g), to file a crossclaim[1] against the Village of Corrales ("the Village") for indemnification. Doc. 25. With the consent of the parties to conduct dispositive proceedings, *see* 28 U.S.C. § 636(c), the Court has considered the parties' submissions and the applicable law, as well as the record. Having done so, the Court concludes that the Yost defendants' Motion will be denied.

---

[1] In their Motion, the Yost defendants request leave to file a "Cross-Claim Complaint" against the Village for indemnification. Doc. 25 at 1. Yet, the proposed complaint they append to their Motion is entitled "Counter-Claim Against Village of Corrales" and purports to assert a "Counter-Claim" against the Village for indemnification. Doc. 25-A. Because the Village and the Yost defendants are co-defendants against whom the Plaintiff has asserted claims, the Yost defendants' proposed claim against the Village constitutes a crossclaim rather than a counterclaim. *Compare* Fed. R. Civ. P. 13(a)-(b) (counterclaims are asserted against opposing parties), *with* Fed. R. Civ. P. 13(g) (crossclaims are asserted against co-parties); *see also Schwab v. Erie Lackawanna R. Co.*, 438 F.2d 62, 64 (3d Cir. 1971) (mislabeling of crossclaims is not fatal).

1

**I.        Background**

This litigation involves the Village's 2018 issuance of a building permit for the construction of a structure at 153 Silva Court on property owned by the Yost defendants in the Village of Corrales, which was adjacent to property owned by Plaintiffs. Plaintiffs contend that the building permit issued to the Yost defendants was approved, and the construction completed, in violation of the Village Code, including an ordinance allowing only "one dwelling unit per one lot." On March 28, 2022, Plaintiffs filed an Amended Complaint in the Thirteenth Judicial District, County of Sandoval, State of New Mexico in which they bring the following claims against the Yost defendants:

      Count I: Trespass and Damages Due to Improper Diversion of Water. Doc. 3-56 at 11-13.

      Count II: Private Nuisance. *Id*. at 13-14.

      Count III: Breach of Village of Corrales's Code of Ordinances. *Id*. at 14-15.

      Count IV: Invasion of Privacy by Intrusion. *Id*. at 15-16.

      Count V: Malicious Abuse of Process. *Id*. at 16-17.

      Count VI: Harassment. *Id*. at 17-18.

      Count VII: Injunctive Relief to Disassemble and Remove the Casita. *Id*. at 18-20.

      Count VIII: Injunctive Relief to Remove the Surveillance Cameras. *Id*. at 20-21.

In the same Complaint, Plaintiffs bring claims against the Village seeking a writ of mandamus (Count IX) and asserting violations of their procedural and substantive due process rights (Count X) and their equal protection rights (Count XI). *Id*. at 21-24. As for remedies, Plaintiffs seek compensatory and punitive damages as well as injunctive relief. *Id*. at 24-25. In the instant motion, the Yost defendants request leave to file a crossclaim against the Village for indemnification. Doc. 25.

**II.   Standard of Review**

Pursuant to Federal Rule of Civil Procedure 13(g), a party to a suit may assert a claim against a party on the same side of the litigation "if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim, or if the claim relates to any property that is the subject matter of the original action." Fed. R. Civ. P. 13(g). "The crossclaim may include a claim that the coparty is or may be liable to the crossclaimant for all or part of a claim asserted in the action against the crossclaimant." *Id*. However, a proposed pleading is futile if the claim(s) therein would fail on the merits. *See In re Thornburg Mortg., Inc. Sec. Litig*, 265 F.R.D. 571, 579 (D.N.M. 2010). Indeed, a request for leave to assert a crossclaim should be denied if the proposed pleading "would fail to state a claim as a matter of law." *United States v. Valentine*, 856 F. Supp. 627, 631 (D. Wyo. 1994) (citing *Ocasek v. Hegglund*, 673 F. Supp. 1084 (D. Wyo. 1987)).

**III.   Discussion**

In their motion seeking leave to assert a crossclaim, the Yost defendants submit that "Plaintiffs' claim in this matter arises from the allegations that the Structure violates the Village's building code." Doc. 25 at 3. Asserting that "the Village was the only Defendant who could have determined whether the structure violated the Village Code[,]" the Yost defendants maintain that they are entitled to indemnification from the Village "if Plaintiffs successfully prove [their] claims against" the Yost defendants. *Id*. at 2-3.

The Village contends that the Yost defendants' request for leave to file a crossclaim should be denied as futile, as their indemnification claim lacks merit on its face. Doc. 27 at 1 (citing *In re Thornburg Mortg., Inc. Sec. Litig.*, 265 F.R.D. 571). The Village offers three primary reasons why the Yost defendants' indemnification claims are futile.

First, the Village contends that there is no waiver of immunity allowing the Yost defendants' indemnification claims against it. *Id*. at 2. The New Mexico Tort Claims Act ("NMTCA") constitutes the "exclusive remedy against a governmental entity . . . for any tort for which immunity has been waived." N.M. Stat. Ann. § 41-4-17 (1978). The Village insists that, here, there is no applicable waiver of immunity, either for the underlying tort claims asserted against the Yost defendants in Plaintiffs' Amended Complaint or for the proposed claim of indemnification. Doc. 27 at 2.

In response, the Yost defendants submit that "the Village has misconstrued the basis of [their] claims against the Village." Doc. 30 at 1. They explain that they do not seek "to establish liability for any tort against the Village, just indemnification of any tort that the Yosts may be found liable for." *Id*. Apparently the Yost defendants believe they are excused from demonstrating an applicable waiver of immunity under the NMTCA, because they are merely seeking indemnification for their own tort liability rather than directly asserting tort claims against the Village. *See id*.

But it is the Yost defendants who have misconstrued the basis of their claims, including the operation of the NMTCA and the theory of indemnification. In order to establish a claim for indemnification for their own tort liability, the Yost defendants must show that the Village is vicariously or derivatively liable for those torts. *See In re Consol. Vista Hills Retaining Wall Litig.*, 893 P.2d 438, 442 (N.M. 1995). Because the Yost defendants have not demonstrated that there is an applicable waiver of immunity for the underlying torts asserted against them by Plaintiffs, the NMTCA cannot waive immunity for a claim of indemnification premised upon those torts. *See Cates v. Ruiz*, No. 01-0534 M/WWD ACE, 2002 WL 35649976, at *4 (D.N.M. May 28, 2002) (concluding that the NMTCA was "quite clear" that where there was no waiver of

immunity for the underlying tort of negligent misrepresentation, there could be no wavier of immunity for *indemnity for* negligent misrepresentation).

Second, the Village argues that the Yost defendants cannot state a claim for indemnification in the absence of an express contract between itself and the Yost defendants. Doc. 27 at 2. The Village observes that under New Mexico law governmental entities are immune from actions based on contract, unless that contract is a "valid *written* contract." *Id*. at 3 (citing N.M. Stat. Ann. § 37-1-23) (emphasis added). The Yost defendants do not reference a written contract in their proposed crossclaim complaint, and the Village therefore insists that the crossclaim must fail.[2] *Id*.

The Yost defendants counter, arguing that "New Mexico, and the 10th Circuit, have a long-standing history of imposing indemnity on parties in the absence of any express or implied contract, and instead have found that it is the existence of a relationship between the parties that creates the basis for common law or traditional indemnity." Doc. 30 at 2. The Court surmises that the Yost defendants' indemnification claim is not based in contract. Indeed, in their opening brief, the Yost defendants cite decisions from the New Mexico Supreme Court that discuss the theory of "common law" or "traditional indemnification." Doc. 25 at 2-3 (citing *In re Consol. Vista Hills Retaining Wall Litig.*, 893 P.2d 438; *Safeway, Inc. v. Rooter 2000 Plumbing & Drain SSS*, 368 P.3d 389, 395 (N.M. 2016); *Rio Grande Gas Co. v. Stahmann Farms, Inc.*, 457 P.2d 364, 368 (N.M. 1969)). None of these cases are directly on point, as none involve a private party seeking indemnification from a municipality based upon the municipality's permitting or

---

[2] The Village makes a related argument that the Yost defendants' crossclaim is untimely, because "any action predicated on a contract must be brought within two (2) years from the time of accrual." Doc. 27 at 3 (citing N.M. Stat. Ann. § 37-1-23(b) (1978)). Because the Court determines herein that the Yost defendants' indemnification claim is not "predicated on a contract," the Court need not address this argument.

approval of their construction plans. Rather, these cases involve indemnification claims by a homebuilder against the manufacturer of building materials, *In re Consol. Vista Hills Retaining Wall Litig.*, 893 P.2d at 442, by a grocery store against the installer of a diaper changing table, *Safeway, Inc.*, 368 P.3d at 392, and by a gas company against the owner of property where a gas explosion occurred, *Rio Grande Gas Co.*, 457 P.2d at 365.  Still, the cited cases support the general notion that, under New Mexico law, a right to indemnification may exist even in the absence of a contract. *See, e.g.*, *In re Consol. Vista Hills Retaining Wall Litig.*, 893 P.2d at 442 (acknowledging that traditional indemnification "may . . . arise without agreement, and by operation of law to prevent a result which is regarded as unjust or unsatisfactory") (citations omitted).

The New Mexico Supreme Court has defined traditional indemnification as "a judicially created common-law right that grants to one who is held liable an all-or-nothing right of recovery from a third party . . . ." *Id*. at 441. The court has also observed that "[t]he purpose of traditional indemnification is to allow a party who has been held liable without active fault to seek recovery from one who was actively at fault." *Id*. at 442. Accordingly, when a party asserts a claim for traditional indemnification, the court must consider whether the conduct of that party was passive or active. *See id*.

Here, the Yost defendants allege that "the active conduct of the Village was the primary cause" of any violations of the Village Code. Doc. 25 at 6-7. They characterize their own conduct, in contrast, as "passive." *Id*. at 6 (citing *In re Consol. Vista Hills Retaining Wall Litig.*, 893 P.2d at 442). The Yost defendants further insist that they could not "have discovered and remedied" the alleged violations of the Village Code. *Id*. at 3.

In the Court's view, however, the Yost defendants' purported passivity is belied by the allegations against them. For instance, in Count I of the Amended Complaint, for trespass and improper diversion of water, Plaintiffs allege that "[t]he Yost [d]efendants knowingly and intentionally submitted a false and misleading building application to erect a residential workshop . . . and instead constructed the illegal Second Stand Alone Dwelling/Casita in violation of the density requirements set forth in . . . the Village Code." Doc. 3-56 ¶ 34. Similarly, in Count II, for private nuisance, Plaintiffs allege that the Yost defendants built an illegal casita "under a knowingly and intentionally false application at 153 Silva Court." *Id*. ¶ 44. In Count III, for breach of Village of Corrales ordinances, Plaintiffs allege that, despite constructive notice of the Village's prohibition of more than "one dwelling unit per net acre," the Yost defendants "knowingly, intentionally and purposefully left the 'work description' area of their Building Permit Application to the Village blank and falsely stated that the structure was a residential workshop attached to the existing dwelling." *Id*. ¶¶ 51-53. In Count VII, for injunctive relief to disassemble and remove the Yost defendant's structure, Plaintiffs allege that the Yost defendants "knowingly and intentionally provided misinformation to the Village in order to obtain permission to begin construction of the illegal Stand Alone Dwelling/Casita." *Id*. ¶ 81.

These allegations, if true, demonstrate *active* fault, even deceit, by the Yost defendants, rather than a merely passive failure to discover negligence by the Village. *See In re Consol. Vista Hills Retaining Wall Litig.*, 893 P.2d at 442 (indicating that traditional indemnification is available to a party held liable without "active fault"). Active conduct exists when "an indemnitee has personally participated in an affirmative act of negligence, was connected with negligent acts or omissions by knowledge or acquiescence, or has failed to perform a precise duty which the indemnitee had agreed to perform." *Schneider Nat'l, Inc. v. Holland Hitch Co.*,

7

843 P.2d 561, 574 (Wyo. 1992) (quotation omitted). Passive conduct, on the other hand, "occurs when the party seeking indemnification fails to discover and remedy a dangerous situation created by the negligence or wrongdoing of another." *In re Consol. Vista Hills Retaining Wall Litig.*, 893 P.2d at 443 (citing *Rio Grande Gas Co.*, 457 P.2d at 368) (subsequent citation omitted). Here, the Yost defendants' conduct, as alleged by Plaintiffs in Counts I, II, III, and VII, falls into the former category rather than the latter. Simply put, the allegations asserted against the Yost defendants in these counts are not the type of allegations for which traditional indemnification is available. *See Safeway, Inc.*, 368 P.3d at 399 (concluding that "traditional indemnity [was] not applicable . . . because Plaintiffs clearly advanced . . . theories of liability that alleged Safeway to be an active tortfeasor").

Moreover, the remaining counts against the Yost defendants – Counts IV, V, VI, and VIII – are not even directly related to the Village's permitting and approval of the Yost defendants' structure. Instead, these claims involve independent actions allegedly taken by the Yost defendants in retaliation for Plaintiffs' opposition to their construction. For instance, in Count IV, for invasion of privacy, Plaintiffs allege that the Yost defendants installed a video surveillance system approximately eight to ten feet above their privacy fence, with cameras pointing at and recording footage of Plaintiffs' bedroom, office, patio, garden, front door, living room, garage, driveway, and front yard.  Doc. 3-56 ¶¶ 57-59. In Count VIII, for injunctive relief, Plaintiffs seek removal of the Yost defendants' cameras. *Id*. ¶ 94. In Count V, for malicious abuse of process, Plaintiffs allege that the Yost defendants "improperly initiated and misused the legal process in filing a Civil Complaint against [them] in Sandoval County Magistrate Court." *Id*. ¶ 66. In Count VI, for harassment, Plaintiffs allege that the Yost defendants have engaged in a pattern of conduct intended to annoy, alarm, or terrorize them, including filing frivolous legal

complaints, filming their activities with surveillance cameras, and making allegations that Plaintiffs walking their dog within their own fenced property constitutes harassment. *Id.* ¶¶ 74-77. These allegations allege active conduct by the Yost defendants and no relevant conduct by the Village. Again, these are not allegations for which traditional indemnification from the Village is available to the Yost defendants.

     Finally, the Village asserts that the Yost defendants' indemnification claim is futile because they neglected to give notice in accordance with the mandates of the NMTCA. Doc. 27 at 3. The NMTCA provides that "[e]very person who claims damages from . . . any local public body under the Tort Claims Act shall cause to be presented to . . . the mayor of the municipality . . . **within ninety days** after an occurrence giving rise to a claim . . . a written notice stating the time, place and circumstances of the loss or injury." N.M. Stat. Ann. § 41-4-16(A) (emphasis added). The Yost defendants do not argue that they were exempt from providing such notice; rather, they suggest that they "have given [the] notice required under the New Mexico Tort Claims Act concurrently with [their] Reply." Doc. 30 at 2. The Yost defendants lament that they "could not have given notice prior to the Village being named as a party to this suit," and they intimate that the filing of their reply satisfies § 41-4-16(A). *Id.* But even if the Court were to treat Plaintiff's Amended Complaint, filed on March 28, 2022, as the "occurrence giving rise to [the indemnification] claim[,]" the Yost defendants' reply was not filed until July 28, 2022, more than 90 days later. *See id.* Indeed, neither their Motion for Leave to File Cross-Claim nor their reply were filed within 90 days of Plaintiffs' Amended Complaint. As such, the Court is not persuaded that the Yost defendants have provided the notice required by N.M. Stat. Ann § 41-4-16(A).

For all of these reasons, the Court finds that the Yost defendants' Motion for Leave to File Cross-Claim Complaint against the Village for indemnification must be denied on the basis of futility.

**WHEREFORE**,

**IT IS HEREBY ORDERED** that Craig A. Yost, Lisa A. Yost, and Marthanne Reinhard's Motion for Leave to File Cross-Claim Complaint for Indemnification (Doc. 25) is DENIED.

_____
**KEVIN R. SWEAZEA**
**UNITED STATES MAGISTRATE JUDGE**