IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES G. BELSHAW, and
ELIZABETH STALEY,

    Plaintiffs,

vs.                                                                      1:22-cv-00324-KRS-LF

CRAIG A. YOST, LISA A. YOST,
MARTHANNE REINHARD, and
VILLAGE OF CORRALES, a municipal
corporation,

    Defendants.

**ORDER GRANTING IN PART PLAINTIFF'S MOTION
FOR EXTENSION OF TIME TO FILE MOTION FOR SUBSTITUTION
OF PARTY AND FOR SUPPLEMENTAL BRIEFING**

THIS MATTER comes before the Court on plaintiff Elizabeth Staley's Unopposed Motion for Extension of Time to File Motion for Substitution of Party and Motion for Substitution of Party, filed January 31, 2023. Doc. 79. In her motion, Ms. Staley asks the Court to extend the time for filing a substitution motion and allow a late filing of the motion because of excusable neglect. *Id.* at 3. Having read the motion and noting that it is unopposed, the Court finds that this part of the motion is well-taken. The Court will grant Ms. Staley an extension through January 31, 2023—the date she filed the motion—to file her motion for substitution, which was included in her motion for an extenstion of time.

Ms. Staley further requests that the Court "allow the substitution of Elizabeth Staley, as widow and sole heir of James G. Belshaw, deceased, for Plaintiff James G. Belshaw in this case." *Id.* at 1. As stated in the motion, Mr. Belshaw, a plaintiff, passed away during the pendency of this case. *Id*. Ms. Staley is Mr. Belshaw's wife and, as such, asserts that she is "the proper person to represent the interests and claims of the deceased because she is his widow and

sole heir." *Id.* Ms. Staley has been appointed as the personal representative of Mr. Belshaw's estate under the New Mexico Wrongful Death Act, N.M. STAT. ANN. §§ 41-2-1 et. seq. (1978). *Id*. at 2. Nevertheless, she does not seek to represent the estate of Mr. Belshaw as the personal representative of his estate. *Id*. at 3. Instead, she seeks to "substitute for Mr. Belshaw in this case as his widow and sole heir." *Id*. It is not clear to the Court, however, that Ms. Staley is authorized to substitute in for Mr. Belshaw as his "widow and sole heir" as opposed to the personal representative of Mr. Belshaw's estate.

> Rule 25 is procedural. It does not provide for the survival of rights or liabilities but merely describes the method by which the original action may proceed if the right of action survives. Subdivision (a)(1) of the rule provides that "if a party dies and the claim is not extinguished," the court may order the substitution of the proper parties. Whether the death of a party extinguishes a claim for or against the party is not a question of procedure. It is a question of substance on which the state law ordinarily governs. In a federal-question case, federal law and federal decisions, rather than state law, determine whether the action survives the death of a party, but some cases have held that if federal law is silent it may be appropriate to look to state law.

7C CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1952 (3d ed. 2007) (internal citations omitted). The parties appear to agree that Mr. Belshaw's claims survive his death. Doc. 79 (unopposed motion). The question remains, however, whether Ms. Staley may represent those claims as his widow and sole heir.

It is clear that in neighboring districts, claims brought under those states' survival statutes require that the claim be brought by the personal representative. For example, claims brought under Colorado's survival statute can be brought only by the personal representative of the estate of the deceased. *A.B., by Ybarra v. City of Woodland Park*, 174 F. Supp. 3d 1238, 1246 (D. Colo. 2016). Similarly, under Kansas law, for purposes of a survival action, a decedent's action survives to the decedent's personal representative, not to his or her heirs. *Hembree v. Tinnin*, 807 F. Supp. 109, 110 (D. Kan. 1992). It is less clear under New Mexico's survival statute

whether an heir may represent the claims of the deceased without being the personal representative of the estate.  New Mexico's survival statute states:

> In addition to the causes of action which survive at common law, causes of action for mesne profits, or for an injury to real or personal estate, or for any deceit or fraud, shall also survive, and the action may be brought, notwithstanding the death of the person entitled or liable to the same.  The cause of action for wrongful death and the cause of action for personal injuries, shall survive the death of the party responsible therefor.

N.M. STAT. ANN. § 37-2-1 (1978).  Further, with regard to the death of a person during the pendency of a lawsuit, New Mexico statute states:

> No action pending in any court shall abate by the death of either, or both, the parties thereto, except an action for libel, slander, malicious prosecution, assault or assault and battery, for a nuisance or against a justice of the peace [magistrate] for misconduct in office, which shall abate by the death of the defendant.

N.M. STAT. ANN. § 37-2-4 (1978).  Finally, the New Mexico statute that addresses representation by a holder of general testamentary power of appointment states:

> To the extent there is no conflict of interest between the holder of a general testamentary power of appointment and the persons represented with respect to the particular question or dispute, the holder may represent and bind persons whose interests, as permissible appointees, takers in default or otherwise, are subject to the power.

N.M. STAT. ANN. § 45-1-403.2 (1978).  These statutes do not make clear in what capacity—as a personal representative or as sole heir—Ms. Staley may represent the interests of Mr. Belshaw in this matter.  Indeed, the case of *Martinez v. Segovia*, 2003-NMCA-023, ¶¶ 16–17, 133 N.M. 240, 244–45, 62 P.3d 331, 335–36, suggests that Ms. Staley would only be able to enforce Mr. Belshaw's rights in this case as a personal representative of his estate as established under New Mexico probate law.

The Court, therefore, orders additional briefing on whether Ms. Staley may substitute in for Mr. Belshaw in this lawsuit as his widow and sole heir.

IT IS THEREFORE ORDERED that plaintiff Elizabeth Staley's Unopposed Motion for Extension of Time to File Motion for Substitution of Party and Motion for Substitution of Party, filed January 31, 2023 (Doc. 79) is GRANTED in part.  Ms. Staley is granted an extension through January 31, 2023, to file her motion for substitution.

IT IS FURTHER ORDERED that Ms. Staley must submit supplemental briefing that provides the authority for her to represent Mr. Belshaw's interests as his widow and sole heir as opposed to the personal representative of his estate no later than February 22, 2023.  Defendants may—but are not required to—submit simultaneous supplemental briefing no later than February 22, 2023.

_____
Laura Fashing
United States Magistrate Judge

4